ELLIS, Judge.
Plaintiff has brought this suit against Henry Perkins and Myrtis Perkins for the sum of $111.94, with interest and attorneys fees, the alleged balance due on a promissory note executed by both the defendants. The answer admits the execution of the note, denies the balance due thereon is $111.94, claiming the only balance due is $31.94, a tender of which was made, but refused by the plaintiff.
The only issue presented in the lower court and on this appeal is whether or not the note should be credited with the payment of $80 alleged to have been made on January 21, 1952.
It is admitted that the defendants were given credit for this $80 payment but that subsequently this same amount was charged back to them. The reason for this charge back was that a check given to the son of Henry Perkins, one of the defendants, was brought to the plaintiff’s office and cashed. *501 Part of the proceeds -of the check were applied to the son’s account and part paid by this son to his father; Henry, in the sum of $150. Of this amount given Henry, defendant herein, $80 was given to the plaintiff to apply upon the note in question. Subsequently payment was stopped on the check and the plaintiff re-charged this amount to the note.
The lower court gave judgment as prayed for, and the defendants have appealed.
The plaintiff contends that Henry Perkins was notified immediately that payment had been stopped upon the check, and that he came to its office and stated that as the check had not been paid he would agree that the $80 be re-charged against his note. The appellant denies any such agreement, contending the remedy of the plaintiff was to sue his son for the proceeds of the dishonored check.
Evidence was introduced by the plaintiff to show that the whole transaction was made with Perkins’ approval, and it further showed that the defendant owed another note than the one sued upon, to which was added some of the difference between the $80 and the $150 received by the appellant, all with the appellant’s consent. This other note was subsequently paid.
The defendant vigorously maintains that the debt, if any, was that of Nathaniel Perkins, a third person, and that parole evidence was inadmissible to prove that Henry Perkins agreed to pay this debt. It is argued that under Article 2278 of the LSA-Civil Code parole evidence is inadmissible to prove any promise to pay the debt of a third person.
The case thus resolves itself into a question of fact. The trial court by written reasons, found that Henry Perkins in truth and in fact agreed to the charge back upon his note, and was not therefore as contended paying or promising to pay the debt of a third person, but rather was paying his own debt as represented by the note sued upon. These reasons state the preponderance of evidence was that Henry Perkins agreed to the charge back, and in fact to the whole transaction after it was explained to him, and concluded that if Henry had not done so; the legal results would have been different.
After an examination of the evidence, finding no manifest error, we must agree with the'lower court and affirm its decision, at appellant’s cost.